IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60582
_____

DAVID TRACY BRADSHAW,

Petitioner,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE

Respondent.

--------------------------------
On Petition for Review of an Order of the Secretary,
United States Department of Agriculture
99-0008
May 14, 2001

Before, JONES, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Bradshaw petitions this Court for review of the Department of Agriculture's (DOA) final administrative decision finding that Bradshaw entered a "sore" Tennessee walking horse in an exhibition in violation of § 1824(2)(D) the Horse Protection Act, 15 U.S.C. §§ 1821-1831. The HPA vests this Court with jurisdiction over such final orders. *See* 15 U.S.C. 1825(b)(2).

In *Young v. United States Dep't of Agriculture*, we determined that a diagnosis of "soreness" based solely on digital

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

palpation was not substantial evidence sufficient to support a violation of the HPA. 53 F.3d 728, 731 (5th Cir. 1995). We expressed concern in *Young* over the reliability of digital palpation and noted indicia in Congressional reports that digital palpation should not be used as the sole means to determine whether "soring" had occurred. *Id.* (citing Pub. L. No. 102-341, 106 Stat. 873, 881-82 (1992); H.R.Rep. No. 617, 102d Cong., 2d Sess. 48 (1992); S.Rep. No. 334, 102d Cong.2d Sess. 49 (1992)). We find this case sufficiently analogous to our decision in *Young*. Although counsel for the DOA attempted to distinguish *Young*, counsel conceded that there was little other evidence in the record besides digital palpation to support the finding of "soring." The DOA's determination was thus not supported by substantial evidence. Accordingly, we GRANT the petition for review and REVERSE and RENDER judgment in favor of the petitioner.